UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JAVIER CHAVEZ-GARCIA, | ) | Case No.  C05-0183-JCC-MAT |
| | ) | (CR01-109-JCC) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

INTRODUCTION

Petitioner filed a motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his 2004 federal court sentence. (Dkt. 1.) Respondent opposed petitioner's motion. (Dkt. 9.) Petitioner did not submit a reply. Following careful review of the record, the Court concludes that petitioner's § 2255 motion should be denied.

BACKGROUND

On September 4, 2003, pursuant to a plea agreement with the government, petitioner pled guilty to one count of conspiracy to manufacture and distribute methamphetamine. (Dkt. 9, Ex. A.) Based upon various admissions of petitioner, the United States Probation Officer had determined his final, total offense score to be 39 and, with a criminal history category of I, the Federal Sentencing Guidelines ("USSG" or "Guidelines") range to be between 267 to 327 months. (Dkt. 10, Ex. B.) However, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C),

petitioner and the government stipulated to a sentencing range of 144 to 180 months of incarceration. (Dkt. 9, Ex. A.) Petitioner also agreed in the plea agreement to waive certain rights in exchange for a reduced sentence, including the right to collaterally attack that sentence, except as related to the effectiveness of his legal representation. (*Id.*) On January 15, 2004, the Court accepted the plea agreement and sentenced petitioner to 144 months imprisonment. (*Id.*, Ex. C.)

Petitioner did not file a direct appeal and his conviction became final ten days later. Fed. R. App. P. 4. He timely filed the instant petition within a year of when his conviction became final.

## DISCUSSION

In his § 2255 motion, petitioner asserts that his sentence was based on facts never proven to a jury beyond a reasonable doubt, nor admitted by himself, in contravention of the holding in *United States v. Booker*, 125 S.Ct. 738 (2005). He argues that *Booker* applies retroactively to his sentencing and that he should be re-sentenced in accordance with that decision.

Respondent argues that the motion should be denied because *Booker* does not apply retroactively to cases on collateral review. Respondent also argues that petitioner knowingly and voluntarily waived his right to collaterally attack his sentence, that he procedurally defaulted on his claim by failing to raise it either at sentencing or on direct appeal, and that, because it was based on facts he admitted and was nearly ten years less than a sentence in the applicable Guidelines range, petitioner's sentence was appropriate.

### Retroactivity

On June 24, 2004, the United States Supreme Court issued its opinion in *Blakely v. Washington*, 124 S.Ct. 2531 (2004). In *Blakely*, the Supreme Court addressed a provision of the Washington Sentence Reform Act which permitted a judge to impose a sentence above the statutory range upon finding, by a preponderance of the evidence, certain aggravating factors which justified the departure. *Id.* at 2535. The trial court relied upon this provision to impose an exceptional sentence which exceeded the top end of the standard range by 37 months. *Id.* The Supreme Court held that this exceptional sentence violated the Sixth Amendment because the facts

supporting the exceptional sentence were neither admitted by petitioner nor found by a jury. The Court explained that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id.* at 2537 (emphasis in original; citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."))

On January 12, 2005, the Supreme Court issued its ruling in *Booker*. In *Booker*, the Supreme Court addressed *Blakely* in the context of the Federal Sentencing Guidelines and concluded that the Sixth Amendment, as construed in *Blakely*, applies to the Guidelines. *Id.* at 745. The Supreme Court remedied the Sixth Amendment problem by excising the provision of the Sentencing Reform Act which made the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), thus rendering the Guidelines effectively advisory. *Booker*, 125 S.Ct. at 764-65.

The Ninth Circuit recently held that "*Booker* is not retroactive, and does not apply to cases on collateral review where the conviction was final as of the date of *Booker's* publication." *United States v. Cruz*, ___ F.3d ___, No. 03-35873, 2005 U.S. App. LEXIS 19901, at *4-6 (9th Cir. Sept. 16, 2005). *Accord Never Misses a Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005); *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608, 614-16 (3d Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 143-44 (2d Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 867-68 (11th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir. 2005). *See also Schardt v. Payne,* 414 F.3d 1025, 1038 (9th Cir. 2005) (finding *Blakely* did not apply retroactively). In this case, petitioner's January 15, 2004 conviction was unquestionably final as of the January 12, 2005 decision in *Booker*. Thus, the government correctly asserts that petitioner may not rely on *Booker* in his § 2255 motion. Because the retroactivity issue disposes of petitioner's claim, the Court need not address the government's

01 additional arguments.

## CONCLUSION

For the reasons described above, petitioner's § 2255 motion must be denied. A proposed order accompanies this Report and Recommendation.

DATED this 23rd day of September, 2005.

*/s/ Mary Alice Theiler*
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -4